UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HAMMER & STEEL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18 CV 1240 CDP |
| ) | |
| SKY MATERIALS CORP., ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

This case is before me once again on motions to compel filed by plaintiff. This time around, plaintiff seeks to compel the depositions of Warren Linane, Roy Braiden, and Rambo Rudden. Defendant admits that it offered to produce these witnesses for deposition all on the same date (the very thing that defendant had claimed was unduly burdensome and not possible) if plaintiff withdrew its prior motion to compel. The Court was not aware of this agreement. Plaintiff did not withdraw the motion and the Court denied plaintiff's attempt to compel these witnesses to testify **on the same date**. Apparently defendant has misinterpreted my prior Order to mean that these individuals could not be deposed. My Order does not so state. **Defendant remains obligated to produce these witnesses for deposition at reasonable times and places if they have information relevant to the underlying dispute**. The same is true for plaintiff's demand that defendant

provide overdue discovery responses. Defendant never sought or obtained an extension of time to respond to discovery responses from this Court, and the Court does not look favorably upon defense counsel's cavalier suggestion that it does not need to comply with promises made by counsel or the deadlines of the Federal Rules of Civil Procedure simply because the discovery cut-off date is months away. Apparently defendant produced the requested documents but has yet to produce the overdue interrogatory responses. It will do so by February 7, 2019 or face sanctions.

As for plaintiff, it has completely failed to comply with Local Rule 3.04 regarding certification of good faith efforts to resolve discovery disputes. Any future discovery motion filed without the required certification will be summarily denied. I have only considered the pending motions in hopes of moving this case forward and to rid my docket of these petty, unprofessional disputes between counsel. For its part, defendant should file a memorandum in opposition to future motions instead of inappropriate affidavits from counsel. And both parties should stop bringing up issues unrelated to the one pending before the Court in an attempt to "poison the well" against the other party.[1] I expect better from the lawyers.

Accordingly,

---

[1] This includes Mr. Cholowsky's apparent memory lapse during his deposition. If this is an issue that requires Court intervention, then it should be raised in a separate, appropriately filed motion with the required certification, not buried in an unrelated motion to compel interrogatory responses.

**IT IS HEREBY ORDERED** that plaintiff's motion to compel [38] is granted only as follows: plaintiff may depose Warren Linane, Roy Braiden, and Rambo Rudden at reasonable times and dates as agreed to by counsel. In all other respects, the motion is denied.

**IT IS FURTHER ORDERED** that plaintiff's second motion to compel defendant to answer interrogatories [46] is granted only as follows: defendant shall provide written responses to the interrogatories, signed and under oath, by **February 6, 2019**. In all other respects, the motion is denied.

**IT IS FURTHER ORDERED** that plaintiff's second motion to compel discovery [37] is denied as moot.

                                                  CATHERINE D. PERRY
                                                UNITED STATES DISTRICT JUDGE

Dated this 1st day of February, 2019.