UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HAMMER & STEEL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:18 CV 1240 CDP |
| | ) |
| SKY MATERIALS CORP., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

On October 24, 2019, I granted summary judgment in favor of plaintiff on all counts of the complaint. (Doc. 101). In the Memorandum and Order and accompanying Judgment, I awarded post-judgment interest at the rate allowable by federal law. Plaintiff now moves to alter the Judgment to award post-judgment interest at the contractually agreed upon rate of "one and one-half percent per month, compounded monthly."[1] Plaintiff correctly notes that my Memorandum and Order

---

[1]Plaintiff has filed two motions to alter or amend the judgment. The first motion was brought under Fed. R. Civ. P. 59(a)(2) and Fed. R. Civ. P. 60(b)(6). After defendant argued in opposition to the motion that plaintiff had not demonstrated its entitlement to relief under those cited subsections of Rules 59 and 60, plaintiff immediately filed a second motion to alter or amend the judgment, citing Fed. R. Civ. P. 59(e), which gives the Court the power to rectify its own mistakes by altering or amending the judgment. "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." *Briscoe v. County of St. Louis*, 690 F.3d 1004, 1015 (8th Cir. 2012). "One of the main purposes of Rule 59(e) is to allow a district court to 'rectify its own mistakes in the period immediately following the entry of judgment.'" *Burckhard v. BNSF Railway Co.*, 837 F.3d 848, 857 (8th Cir. 2016) (citing *Innovative Home Health Care, Inc. v. P.T.–O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). As plaintiff sought post-judgment interest at the contract rate in its motion for summary judgment, the

recited the parties' agreement as to post-judgment interest. (Doc. 101 at 5). In opposition to summary judgment, defendant did not contest either the existence or terms of the contracts at issue, all of which include agreement as to the specific post-judgment interest rate to be awarded by the Court. Defendant opposes the motion to alter or amend, claiming the Court did not err in choosing to award the federal as opposed to contractual interest rate and arguing that plaintiff has not demonstrated sufficient cause for relief under Rules 59 or 60 of the Federal Rules of Civil Procedure.

Federal courts permit parties to contract for a post-judgment interest rate which differs from the federal rate that would ordinarily apply, as long as they do so through "clear, unambiguous and unequivocal language" and those rates do not violate state usury or other applicable laws. *FCS Advisors, Inc. v. Fair Finance Co.*, 605 F.3d 144, 147 (2nd Cir. 2010) (quoting *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 102 (2nd Cir. 2004)); *Jack Henry & Associates, Inc. v. BSC, Inc.*, 487 Fed. Appx. 246, 258 (6th Cir. 2012); *In re Riebesell*, 586 F.3d 782, 794 (10th Cir. 2009); *Central States, Southeast and Southwest Areas Pension Fund v. Bomar Nat., Inc.*, 253 F.3d 1011, 1020 (7th Cir. 2001); *In re In the Matter of the Complaint of the American Milling Co.*, Cause No. 4: 98 CV 575 SNLJ, 2011 WL 782040, at *4 (E.D. Mo. Mar.

---

request to alter or amend the judgment to reflect the contractual rate is properly before me on a Rule 59(e) motion.

1, 2011); *In re Advanced Custom Builders, L.L.C.*, 2011 WL 4498922, at *1 (N.D. Iowa Sept. 27, 2011).

Here, the parties clearly, unambiguously and unequivocally agreed that "post judgment interest at 1 1/2 percent per month, compounded monthly, will apply to any Judgment in favor of [plaintiff]." (Doc. 5-1 at 4, 5-3 at 4, 5-4 at 4). Given the plain language of the agreement and that the agreed-upon interest rate does not violate Missouri's usury or other laws, *see* Mo. Rev. Stat. § 408.030, the Court upon due consideration and over defendant's objection will grant plaintiff's motion to amend the Judgment to provide for post-judgment interest at the contractual rate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's second motion to alter or amend Judgment [106] is granted, and plaintiff's first motion to alter or amend [103] is denied as moot.

An Amended Judgment in accord with this Memorandum and Order is entered this same date.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　CATHERINE D. PERRY
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated this 6th day of November, 2019.